### BLOUNT v. HENRY et ux.

(Court of Civil Appeals of Texas. Texarkana. Oct. 30, 1913.)

1. TRIAL (§ 194*)—INSTRUCTIONS—COMMENTS ON EVIDENCE.

An instruction that if defendant stated to a vendor in the presence of a purchaser prior to a sale that he made no claim to the land, he could not thereafter claim the land, but was estopped by his own statement, was properly refused as on the weight of evidence, where there was testimony stating the language employed in the conversation referred to very differently.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

2. TRIAL (§ 252*)—INSTRUCTIONS — APPLICABILITY TO EVIDENCE.

A charge submitting a mere abstract proposition of law, not warranted by the facts in the case, was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

Appeal from District Court, Houston County; B. H. Gardner, Judge.

Action by E. A. Blount against Essic Henry and wife. From the judgment, plaintiff appeals. Affirmed.

Adams & Young, of Crockett, for appellant. J. W. Madden and Earle Adams, Jr., both of Crockett, for appellees.

HODGES, J. This is an action of trespass to try title, instituted by the appellant, Blount, against the appellees, Henry and wife. It appears from the evidence that Blount held the paper title to the land in controversy, and that Henry and wife claimed to have acquired a title to 100 acres by 10 years' adverse possession. On trial the court charged that the appellant had shown title to all of the land sued for, and instructed the jury to find in his favor, unless they should find that Henry and wife had established their right by 10 years' adverse possession. The jury rendered a verdict awarding plaintiff all the land in controversy except 100 acres. As to this they found in favor of the appellees.

The first assignment of error complains of the failure of the court to instruct a verdict in the appellant's favor. It does not appear from the record that any such instruction was requested; on the contrary, the appellant requested quite a number of special charges submitting different issues of fact developed by the evidence.

[1] The second assignment of error complains of the refusal of the court to give the following special charge: "If the defendant, before Wootters sold to Smith, Maas, Gould, and Means, said to Wootters in Smith's presence that he did not make any claim to the land in controversy, and, relying on such disclaimer, Smith and his associates purchased afterwards said land, then Essic Henry is not entitled to claim said land, because he is estopped from so doing by his own statements." The evidence shows that Blount, the appellant, held under the Smith referred to in this charge. There was no error in refusing this instruction, because, if otherwise correct, the evidence did not justify it. It is doubtful if the testimony most favorable to the appellant upon that issue could be construed as sufficient to constitute an estoppel. Henry, one of the appellees, testifies very differently as to the language employed by him in the conversation referred to. The charge clearly would have been on the weight of the evidence.

[2] The third assignment of error complains of the refusal to give the following special charge: "Where two parties own adjoining tracts of land and one of them encroaches on the land of the other by getting a part of his neighbor's land in his inclosure, such an encroachment is not to be construed as holding possession of the entire tract encroached upon, but the possession of the one encroaching will be only of the land actually inclosed." This charge attempts to submit a mere abstract proposition of law, which was not warranted by the facts in the case, and is therefore not correct.

The judgment is affirmed.